George J. Leitner and Eleanor Leitner v. Commissioner.
Leitner v. Commissioner
Docket No. 82554.
United States Tax Court
T.C. Memo 1962-69; 1962 Tax Ct. Memo LEXIS 238; 21 T.C.M. (CCH) 368; T.C.M. (RIA) 62069; March 29, 1962
*238 George J. Leitner, 777 St. Mark Ave., Brooklyn, N. Y., pro se. Arthur S. O'Neill, Jr., Esq., and Colin C. Macdonald, Esq., for the respondent. RAUM
Memorandum Opinion RAUM, Judge: The Commissioner determined a deficiency of $941.67 in the 1957 income tax of petitioners, husband and wife, who filed their joint return for that year with the district director for the district of Brooklyn, New York. They reside in Brooklyn, New York. The husband will be referred to as petitioner. The deficiency was based upon (a) the disallowance of all of the itemized deductions, in the amount of $4,193.16, for lack of substantiation, and (b) the disallowance of dependency exemptions for petitioner's father and mother-in-law and of an exemption for blindness. Petitioner was the sole witness. He was not represented by counsel. We heard his story and were impressed with his candor and honesty, although, at times, his testimony was not as clear or as satisfactory as could be desired. (1) Deductions. Upon the basis of petitioner's testimony, and applying the suggestion made in (C.A. 2), with respect to some items, we reach the following *239 conclusions and make the following findings: (a) Petitioner made deductible charitable contributions in 1957 in the total amount of $300, consisting of gifts of $200 worth of precision tools and $50 worth of clothes to an organized charity and $50 in miscellaneous charitable donations. (b) Petitioner paid $92.16 of deductible interest in 1957 in connection with the purchase and maintenance of a cooperative apartment. (c) Petitioner paid the following deductible taxes in 1957: New Jersey Unemployment insurance taxes, $22.87; local cigarette taxes, $30; local admissions taxes, $5; local sales taxes, $50; real estate taxes, $151.63. (d) Petitioner paid the following amounts in 1957 for medicines and drugs to the pharmacies indicated: Whelan Drugs, $228.80; Borker and Gordon, $259.50; Adler Pharmacy, $115; Master Chemists, $97.76. (e) Petitioner paid the following amounts in 1957, for medical treatment for himself, his wife and his father, to the following physicians and opticians: Dr. Uviller, $325; Dr. Brenner, $100; Dr. Barney, $90; Dr. Gluck, $50; Dr. Tole, $40; Community Opticians, $130. Also, petitioner paid the following hospital and nursing home expenses for his father *240 in 1957: Linden General Hospital, $399.85; Crown Heights Nursing Home, $315.30. (f) Petitioner incurred and paid the following deductible miscellaneous expenses in 1957: Union dues, $62.50; subscriptions to trade journals, $196; purchase of tools, $39.53. (g) Petitioner claimed deduction of $350 for books purchased by him in 1957 relating to his work. Since these were capital assets the deduction claimed is not allowable. However, petitioner is entitled to depreciation with respect to these books as well as those acquired prior to 1957. The evidence before us is unsatisfactory in this connection, but applying the Cohan rule, we find that $30 is a reasonable allowance for depreciation of petitioner's trade books for 1957. (2) Dependency exemptions. Petitioner's claim to a dependency exemption for his father in 1957 must be sustained. The evidence shows that his father lived with him during the entire year and received his sole support from petitioner during that period apart from some social security payments. Although the evidence is not entirely satisfactory we are persuaded that the support furnished by petitioner exceeded the social security payments, and we therefore find *241 as a fact that petitioner furnished more than one-half of his father's support for 1957. A second dependency exemption was claimed for petitioner's mother-in-law who, during the entire year 1957, was in a State institution in California. Petitioner contributed $20 every three weeks towards her maintenance. A sister-in-law also made some contribution towards that maintenance, and there was submitted in evidence a "Multiple Support Agreement" (Form 2120) in which she waived her right to claim the exemption in favor of petitioner. The difficulty, however, is that we are not satisfied on this record that petitioner and his sister-in-law together contributed more than 50 percent towards the mother-in-law's support. The evidence shows that the total cost of her support was $120 a month. We cannot approve petitioner's claim to a dependency exemption for his mother-in-law. A third exemption, claimed for blindness, was disallowed by the Commissioner. There was no evidence showing error in this respect. Petitioner raised two other issues, not dealt with in the deficiency notice, one relating to a deduction for educational expenses incurred in 1954 and the other relating to a deduction *242 for loss on the sale of his cooperative apartment. There is no merit to either of these points, and we do not find it necessary to deal with them further. Decision will be entered under Rule 50.